## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

JEFFREY SCHUTZ,

        Plaintiff,

vs.                                                    **Case No.** _____

CARLOS OLIVERAS, UVI LOGISTICS,
INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Defendants.

_____/

### NOTICE OF REMOVAL

Defendant, UVI LOGISTICS, INC. ("UVI"), hereby removes the State Court Action styled *Jeffrey Schutz v. Carlos Oliveras, UVI Logistics, Inc., and State Farm Mutual Automobile Insurance Company*, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case Number 2019-CA-6198 ("State Court Action"), to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in compliance with Local Rule 4.02, and respectfully represents as follows:

### I.    INTRODUCTION AND BACKGROUND

1.    Plaintiff Jeffrey Schutz ("Plaintiff"), filed the State Court Action on June 13, 2019. A copy of Plaintiff's State Court Complaint ("Complaint") is attached hereto as "Exhibit A," pursuant to 28 U.S.C. § 1446(a),

2.    More specifically, Plaintiff alleges that he was operating his vehicle on I-295 North in Jacksonville, Florida, when Oliveras collided into Plaintiff's vehicle. See Ex. A, ¶¶ 14-15.

3.    As a result of the collision, Plaintiff alleges he sustained serious injuries. See Ex. A, ¶ 16.

1

4.      In the State Court Action, Plaintiff asserts claims for negligence against Defendant Carlos Oliveras ("Oliveras"), vicarious liability against UVI for its alleged employee Oliveras, and for uninsured / underinsured benefits against Defendant State Farm Mutual Automobile Insurance Company ("State Farm").  See Ex. A.

5.      As discussed in further detail below, Plaintiff is a resident of and citizen of the State of Florida, Defendant UVI is a corporation domiciled in and citizen of the Commonwealth of Pennsylvania, Defendant Oliveras is an individual domiciled in and citizen of the Commonwealth of Pennsylvania and Defendant State Farm is a corporation domiciled in and citizen of Illinois.

6.      As a result, there is diversity of citizenship pursuant to 28 U.S.C. §1332(a).

7.      In addition, Plaintiff's pre-suit demand to Defendants requested a settlement amount of $1,000,000.00.  See Ex. B, Plaintiff's Pre-suit Demand, p. 4.

8.      Plaintiff further underwent surgery to his right arm allegedly related to this accident.  The cost of this procedure alone is $54,000.00.  See Ex. B, p. 20.  Further, when the additional medical bills provided by Plaintiff in the pre-suit demand are considered, the total in and of itself is in excess of $75,000.00.  See Ex. B.

9.      Moreover, Plaintiff has been recommended for a three-level anterior cervical discectomy and fusion.  See Ex. B, p. 4.

10.     As a result, the amount in controversy surely exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

11.     Based on the foregoing, UVI is removing this matter based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §1332.  As all requirements are met, removal to this Court is proper.

12.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b), Defendant UVI will provide this Court with a complete copy of the docket in the State Court Action, including all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the state court.

13.     Pursuant to 28 U.S.C. § 1446(d), Defendant UVI will promptly provide written notice to Plaintiff and the Clerk of Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, regarding this removal.

14.     All other requirements and conditions precedent to the removal of this action have been satisfied.

## II.     TIMELINESS OF REMOVAL

15.     UVI was served on or about June 19, 2019.  See Ex. C, Affidavit of Service on UVI.

16.     Therefore, pursuant to 28 U.S.C. § 1446(b), this notice of removal is timely filed within 30 days of service of Plaintiff's Complaint on UVI.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354-56 (1999) (explaining that 30-day removal period begins to run upon service of summons and complaint).

17.     Further, in cases involving multiple defendants, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

18.     All earlier-served defendants consent to the removal of the State Court Action, as indicated by their counsels' signatures below.

3

19.    Finally, this notice of removal is being filed within a year of the commencement of the State Court Action pursuant to 28 U.S.C. § 1446(c).

### III.   DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332

20.    "Federal courts are courts of limited jurisdiction." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (citations omitted).  There must be allegations that there is jurisdiction through a specific statutory grant, federal question jurisdiction, or diversity jurisdiction.  See Thermoset Corp. v. Bldg. Materials Corp. of Am., 849 F. 3d 1313, 1317 (11th Cir. 2017) (citations omitted).

21.    Diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1) where an action is between citizens of different states and where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

22.    As discussed in further detail below, because this is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, this Court possesses diversity jurisdiction over this matter.

### A.   Amount In Controversy

23.    Where a complaint does not contain a demand for a specific monetary amount, the court may look to the petition for removal to make an independent appraisal of the monetary value of the claim.  See e.g., Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Baker v. Firestone Tire & Rubber Co., 537 F. Supp. 244, 246 (S.D. Fla. 1982) (citing Lee v. Altamil Corp., 457 F. Supp. 979 (M.D. Fla. 1978)) (explaining that a federal trial court may look to a reasonable reading of the complaint in assessing the amount in controversy where the complaint contains no specific *ad damnum* clause and merely alleges the minimum jurisdictional amount required in state court).

24.     The Court determines the sufficiency of the amount in controversy at the time of removal. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010). As a result, a court may rely, *inter alia*, on its "judicial experience and common sense," and it may utilize "deduction, inference, or other extrapolation of the amount in controversy" (including assessing the total value of recovery at trial). Id. at 751, 753.

25.     Here, Plaintiff's complaint does not specify the amount of damages he is seeking. Specifically, he avers for purposes of jurisdiction only that he seeks damages in excess of $15,000.00. See Ex. A, ¶ 1.

26.     Nevertheless, the amount in controversy exceeds $75,000.00 given the nature of the alleged injuries. Plaintiff claims surgical repair of his right arm, a recommended three-level cervical fusion, medical bills in excess of $75,000.00, and a pre-suit demand of $1,000,000.00. See Ex. B.

27.     Based on the foregoing, the amount in controversy requirement is met pursuant to 28 U.S.C. § 1332.

## B.  Citizens Of Different States

28.     "Diversity jurisdiction exists over a controversy between citizens of different states." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). A party's citizenship is equivalent to his or her domicile. Id. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]" Id. at 1257-8 (internal quotes and citations omitted).

29.     A party's domicile is determined based upon the totality of the circumstances. See Slate v. Shell Oil Co., 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006). A court may rely, among other things, on a "party's affidavit, deposition testimony, **driver's license**, tax returns, banking

5

statements, **voter registration**, **medical records**, utility phone bills, employment records, **vehicle registration**, professional licenses, membership in religious, recreational and business organizations, **location of real property** and place of employment." Smyth v. Hillstone Rest. Group, Inc., 13-80217-CIV, 2013 WL 2048188, at *2 (S.D. Fla. 2013) (citations omitted; emphasis added).

30.     Here, the parties' domiciles, and thus their citizenships are diverse such that this Court has jurisdiction over this matter.

31.     At the time of this accident, Plaintiff maintained a Florida address and a Florida driver's license. See Ex. A, ¶ 2; Ex. D, Police Report, p. 2.

32.     At the time of this accident, Plaintiff was operating a vehicle bearing the tag number GBQR03, which was issued by the State of Florida. See Ex. A ¶ 14; Ex. D p. 2.

33.     Plaintiff's vehicle was registered in Florida. See Ex. D, p. 2.

34.     Plaintiff's driver's license number as reflected on the Police Report is S320425684480. See Exhibit D, p. 5.

35.     According to the Florida Department of Motor Vehicles, Plaintiff's driver's license is still currently valid. See Exhibit E, DMV Driver's License Verification.

36.     All of Plaintiff's medical treatment occurred in Florida, he filled prescriptions in Florida, his address is listed as a Florida address, his telephone number is listed as a Florida telephone number, and his medical bills were mailed to a Florida address. See Ex. B.

37.     Plaintiff is registered to vote in Florida. See Ex. F, Voter Registration.

38.     Plaintiff is the title owner to real property located in New Smyrna Beach, Florida. See Ex. G, Deed; Ex. H, Property Appraiser Report.

39.     In sum, Plaintiff possesses a valid Florida driver's license, has a Florida address, owns a vehicle registered in Florida, all of his medical treatment occurred in Florida, he is registered to vote in Florida, and he owns property in Florida.

40.     Otherwise, there is no other indication that Plaintiff is a citizen of any state other than Florida.

41.     As a result, there is sufficient evidence to demonstrate that Plaintiff is a citizen of Florida. See Smyth, supra.

42.     As for the Defendants, Defendant UVI is a corporation domiciled in the Commonwealth of Pennsylvania. See Ex. I, PA Department of State Corporate Records related to Defendant UVI.

43.     The subject police report indicates that Defendant UVI's address is in Pennsylvania. See Ex. D, p. 1.

44.     The summons issued upon Defendant UVI in this matter was addressed to UVI's registered agent in Pennsylvania and Defendant UVI was served in Pennsylvania. See Ex. C.

45.     Defendant UVI owned the subject vehicle, which was registered in Pennsylvania. See Ex. A, ¶¶ 10-11.

46.     As a result, Defendant UVI is a citizen of the Commonwealth of Pennsylvania. See 28 U.S.C. § 1332(c).

47.     Defendant Oliveras is resident of and citizen of the Commonwealth of Pennsylvania. See Ex. A, ¶ 9.[1]

---

[1] Although the Complaint refers to Defendant Oliveras' *residency* rather than *domicile*, Plaintiff's allegation of residency creates a rebuttable presumption of citizenship. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 519 (10th Cir.1994) (explaining that **allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship**) (citing Lew v. Moss, 797 F.2d 747, 751 (9th Cir.1986)) (emphasis added).

48.     Defendant Oliveras was operating a vehicle registered in Pennsylvania.  See Ex. A, ¶¶ 9-10.

49.     Defendant Oliveras holds a valid Florida driver's license issued by Pennsylvania. See Ex. A, ¶ 9; Ex. D, p. 4-5.

50.     The summons issued upon Defendant Oliveras in this matter was addressed to Defendant Oliveras' address in Pennsylvania.  See Ex. J, Affidavit of Service to Defendant Oliveras.  In addition, Defendant Oliveras was served in Pennsylvania.  See id.

51.     Defendant State Farm is a foreign corporation and has a principal place of business in Illinois.  See Ex. K, State Farm Annual Statement.  Therefore, Defendant State Farm is a citizen of and is domiciled in Illinois.  See 28 U.S.C. §1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]")[2]

52.     Based on the foregoing, Plaintiff is a citizen of Florida, Defendants are citizens of Pennsylvania and Illinois, and thus there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

## IV.     RIGHT TO REMOVAL HAS NOT BEEN WAIVED

53.     Defendants have not taken substantial offensive or defensive actions in the State Court Action and, therefore, have not waived the right to remove this action to federal court.  See Miami Herald Pub. Co., Inc. v. Ferre, 606 F.Supp. 122, 124 (S.D. Fla. 1986) (explaining that

---

[2] This is not a direct action against an insurer as contemplated by 28 U.S.C. §1332(c)(1)(A)-(C).  As a result, 28 U.S.C. §1332(c)(1) controls and citizenship is determined by the corporation's state of incorporation and the state where the corporation has a principal place of business.  See Antonacci v. State Farm Mut. Auto. Ins. Co., 2006 WL 568344, at *1 (E.D. Mo. Mar. 7, 2006) ("When an insured brings a claim against his own insurer, no direct action exists because the insurer's status is not that of a payor of a judgment based on the negligence of one of its insureds.") (citing McGlinchey v. Hartford Acc. & Indem. Co., 866 F.2d 651 (3d Cir.1989)) (internal quotes and alterations omitted).

neither defending at a preliminary injunction hearing nor filing an answer and affirmative defenses in state court is sufficient to waive the right to removal). See also Ex. L, State Court Docket.

## V.     CONCLUSION

As discussed throughout, this Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity and the amount in controversy exceeds $75,000.00.  Therefore, Defendant UVI exercises its right under the provisions of 28 U.S.C. §§ 1441 and 1446 to remove this action from the Circuit Court of the Thirteenth Judicial District in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

WHEREFORE, Defendant UVI LOGISTICS, INC. requests that this Notice of Removal be accepted by this Court as good and sufficient, and that the aforementioned matter pending in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and bearing the Case Number 2019-CA-6198, be removed to the United States District Court for the Middle District of Florida for further proceedings as provided by law.

**DATED** this 19th day of July, 2019.

LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant UVI Logistics, Inc.
100 North Tampa Street, Suite 2120
Tampa, FL 33602
(813) 226-0081 phone; (813) 226-0082 fax

*/s/ Anthony J. Petrillo*

_____

ANTHONY J. PETRILLO, ESQ.
Florida Bar No.:  874469
ajp@insurancedefense.net

## CONSENT TO REMOVAL FROM OTHER DEFENDANTS

By: */s/ Phillip L. Nelson*
Phillip L. Nelson, Esq. FBN: 712817
KEVIN K. KORTH & ASSOCIATES
100 2nd Avenues, South, Suite 500S
St. Petersburg, Florida 33701
Telephone: (727) 821-6607
Email: FLOR.LAW-
KORTH.311o19@Statefarm.com
*Counsel for State Farm Mutual Automobile Insurance Company*


By: */s/ Anthony J. Petrillo*
Anthony J. Petrillo, Esq. FBN: 874469
Luks, Santaniello, Petrillo & Cohen
100 North Tampa Street, Suite 2120
Tampa, FL 33602
Telephone: (813) 226-0081
Facsimile: (813) 226-0082
Email: LUKSJAX-Pleadings@LS-Law.com
*Counsel for Defendant Carlos Oliveras*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2019, a copy of the foregoing pleading was electronically filed with the United States District Court for the Middle District of Florida, Tampa Division. A copy of the foregoing pleading was also served by email upon the following attorney of record for Plaintiff: Dennis Hernandez, Esq. and Samantha Reid, Esq., Dennis Hernandez & Associates, PA, 3339 West Kennedy Blvd., Tampa, FL 33609; Litigation@DennisHernandez.com.

*/s/ Anthony J. Petrillo*
Anthony J. Petrillo, Esq.