IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

JEFFREY SCHUTZ,

    Plaintiff,

vs.

CARLOS OLIVERAS, UVI LOGISTICS, INC.,
and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.
_____/

CASE NO.:

DIVISION:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEFFREY SCHUTZ, hereby sues Defendants, CARLOS ISMAEL OLIVERAS, UVI LOGISTICS, INC., and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and alleges:

### JURISDICTIONAL BASIS AND PARTIES

1. This is a negligence action for compensatory damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of costs and interest.

2. At all times material hereto, Plaintiff, JEFFREY SCHUTZ, was a resident of Volusia County, Florida.

3. At all times material hereto, Defendant, CARLOS OLIVERAS, was a resident of the Commonwealth of Pennsylvania, traveling the roads of Florida.

4. At all times material hereto, Defendant, UVI LOGISTICS, INC., is a foreign profit corporation conducting business in Florida.

5. At all material times, Defendant, CARLOS OLIVERAS, was an employee or agent of Defendant, UVI LOGISTICS, INC.

- 1 -

6. At all material times, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was licensed to do business in the State of Florida and was conducting business in Hillsborough County, Florida.

7. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is a foreign corporation that keeps an office for the transaction of its customary business in, and is therefore a resident of, Hillsborough County. As such, Hillsborough County is a proper venue pursuant to §47.011, Florida Statutes

## GENERAL FACTUAL ALLEGATIONS

Plaintiff re-alleges paragraphs one (1) through seven (7) of this Complaint as though the same were fully set forth herein, and further states as follows:

8. At all times mentioned in this complaint, Defendant and underinsured motorist, CARLOS OLIVERAS, operated a motor vehicle registered in the Commonwealth of Pennsylvania.

9. At all times mentioned in this complaint, Defendant and underinsured motorist, CARLOS OLIVERAS, held a valid driver license issued by the state of Commonwealth of Pennsylvania, was a resident of the Commonwealth of Pennsylvania, and was using the roads of the state of Florida.

10. At all times mentioned in this complaint, Defendant and underinsured motorist, CARLOS OLIVERAS operated a motor vehicle described as a 2015 Volvo Truck with tag number AG55098, and trailer with tag number PT7905Z, that was registered in the Commonwealth of Pennsylvania.

11. At all times mentioned in this complaint, Defendant, UVI LOGISTICS, INC., owned the above described 2015 Volvo Truck.

12. At all times mentioned in this complaint, Defendant and underinsured motorist, CARLOS OLIVERAS, was an employee of Defendant, UVI LOGISTICS, INC., and was within the scope and course of his employment.

13. At all times mentioned in this complaint, Defendant and underinsured motorist, CARLOS OLIVERAS, operated the above-described 2015 Volvo Truck with the knowledge and consent of its owner, Defendant, UVI LOGISTICS, INC.

14. On November 20, 2018, Plaintiff, JEFFREY SCHUTZ, was the restrained driver of a 2008 Ford Expedition with tag number GBQR03, that was traveling North on I-295, in Duval County, Florida.

15. On November 20, 2018, as Defendant and underinsured motorist, CARLOS OLIVERAS, drove the above-described 2015 Volvo Truck North on I-295 in Duval County, he failed to notice that traffic in front of him had come to a complete stop and crashed into Plaintiff, JEFFREY SCHUTZ's, vehicle.

16. As a result of the crash, Plaintiff, JEFFREY SCHUTZ, suffered serious injuries.

17. At the time of the crash, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, provided uninsured/underinsured motorist coverage to Plaintiff, JEFFREY SCHUTZ.

## COUNT I – PLAINTIFF'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT, CARLOS ISMAEL OLIVERAS

Plaintiff re-alleges paragraphs one (1) through seventeen (17) of this Complaint as though the same were fully set forth herein, and further states as follows:

18. Defendant, CARLOS OLIVERAS, had a duty to operate his vehicle in a safe and reasonable manner.

19. Defendant, CARLOS OLIVERAS, breached the duty to operate his vehicle in a safe and reasonable manner by colliding with the vehicle in which the Plaintiff was traveling, and by:

    a. Failing to operate the vehicle in a reasonably careful way, considering the traffic conditions and all other relevant circumstances, so as to ensure the safety of others

on the roadway, such as Plaintiff, or others reasonably anticipated to be on the roadway, whether as drivers or passengers;

b. Failing to keep a reasonable lookout for other vehicles and/or failing to properly be aware of traffic conditions and other vehicles, like the one of which Plaintiff was the driver, and others reasonably anticipated to be on the roadway;

c. Failing to keep and maintain proper control of the vehicle;

d. Failing to drive at an appropriate speed and to yield to other vehicles, like the one of which the Plaintiff was the driver, and others reasonably anticipated to be on the roadway; and

e. Failing to take appropriate and necessary action under the circumstances.

20. As a direct and proximate result of Defendant, CARLOS OLIVERAS', negligence, Plaintiff, JEFFREY SCHUTZ, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, of medical and nursing care and treatment, loss of earnings and ability to earn a living. The losses are permanent and/or continuing and Plaintiff will suffer losses in the future.

**WHEREFORE**, Plaintiff, JEFFREY SCHUTZ, requests judgment against Defendant, CARLOS OLIVERAS, for damages in a sum within the jurisdictional limits of this court, together with costs of suit and such further relief as the court deems proper. Plaintiff, JEFFREY SCHUTZ, demands a trial by jury.

## COUNT II—PLAINTIFF'S CLAIM FOR VICARIOUS LIABILITY AGAINST DEFENDANT, UVI LOGISTICS, INC.

Plaintiff re-alleges paragraphs one (1) through seventeen (17) as though fully set forth herein, and further states as follows:

21. At all times mentioned in this complaint, Defendant, UVI LOGISTICS, INC., owned an automobile described as a 2015 Volvo Truck, which was registered in registered in the Commonwealth of Pennsylvania.

22. At all times mentioned in this complaint, Defendant, UVI LOGISTICS, INC., permitted Defendant, CARLOS OLIVERAS, to operate the above-described 2015 Volvo Truck with its knowledge and consent.

23. Defendant, CARLOS OLIVERAS, negligently failed to operate the above-described vehicle in a reasonably careful way which, as a consequence, resulted in a collision with the vehicle in which Plaintiff, JEFFREY SCHUTZ, was driving.

24. As a direct and proximate result, Plaintiff, JEFFREY SCHUTZ, suffered serious bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, of medical and nursing care and treatment, and loss of earnings and ability to earn a living. The losses are permanent and/or continuing and Plaintiff, JEFFREY SCHUTZ, will suffer losses in the future.

**WHEREFORE**, Plaintiff, JEFFREY SCHUTZ, requests judgment against Defendant, UVI LOGISTICS, INC., for damages in a sum within the jurisdictional limits of this court, together with costs of suit and such further relief as the court deems proper. Plaintiff, JEFFREY SCHUTZ, demands a trial by jury.

### COUNT III—PLAINTIFF'S CLAIM FOR UNDERINSURED MOTORIST BENEFITS AGAINST DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff adopts and re-alleges paragraphs one (1) through twenty-four (24) of this Complaint as though the same were fully set forth herein, and further states as follows:

25. Defendants, CARLOS OLIVERAS and UVI LOGISTICS, INC., were insured under policy number 25CWN210340C39661520 with bodily injury coverage limits of One Million Dollars Combined Single Limit ($1,000,000.00). The bodily injury coverage

available under this policy is insufficient to fully satisfy Plaintiff's claim for personal injuries.

26. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, issued, in exchange for valuable consideration, a policy of automobile insurance to Plaintiff, JEFFREY SCHUTZ, under policy number 3671495E2359D4, which provided uninsured motorist benefits, among other coverages. A copy of the Insurance Company Policy as provided by is attached hereto as **Exhibit "A."**

27. The State Farm Mutual Automobile Insurance Company Policy was in full force at the time of the Crash.

28. The State Farm Mutual Automobile Insurance Company Policy provides, in pertinent part, as follows:

> Subject to the Uninsured Motorist Bodily Injury Coverage limit of liability stated in *your Declarations Page*, if *you* pay the premium for Uninsured Motorist Bodily Injury Coverage, *we* will pay compensatory damages that an *insured* is legally entitled to recover from the *owner* or operator of an *uninsured motor vehicle* because of *bodily injury*:
> 1. Sustained by an *insured*; and
> 2. Caused by an *auto accident* with an *uninsured motor vehicle*.

29. The State Farm Mutual Automobile Insurance Company Policy provides an Uninsured/Underinsured Motorist Bodily Injury Coverage limit of Twenty-Five Thousand Dollars per person ($25,000.00) stacked.

30. At the time of the collision, Plaintiff, JEFFREY SCHUTZ, was an "insured" as defined in the Uninsured Motorist Bodily Injury Coverage section in the policy.

31. Defendants, CARLOS OLIVERAS and UVI LOGISTICS, INC.'s, above described 2015 Volvo Truck, is an "uninsured/underinsured motor vehicle" as defined in the Uninsured Motorist Bodily Injury Coverage section in the policy.

32. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has unjustifiably refused to honor its contractual obligations by denying coverage under the

Policy and failing to pay the uninsured motorist benefits owed to Plaintiff, JEFFREY SCHUTZ.

33. As a direct, foreseeable, and proximate result of the crash, Plaintiff, JEFFREY SCHUTZ, has suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff, JEFFREY SCHUTZ, will suffer these losses in the future.

**WHEREFORE,** Plaintiff, JEFFREY SCHUTZ, requests judgement against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, for damages in the sum within the jurisdictional limits of this court, together with costs of suit and such

Respectfully submitted,

Date: 6/13/19

*Samantha Reid*

Dennis Hernandez, Esquire
Florida Bar Number: 915210
Samantha Reid, Esquire
Florida Bar Number: 120129
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 250-0000
Facsimile: (813) 258-4567
Email: Litigation@DennisHernandez.com
Attorney for the Plaintiff

*Providing Insurance and Financial Services*
Home Office, Bloomington, IL

 StateFarm

December 10, 2018

Dennis Hernandez & Assoc. P.A
3339 W Kennedy Blvd
Tampa FL  33609-2903

State Farm Claims
PO Box 106171
Atlanta GA 30348-6171

RE:   Claim Number:   59-6654-F68
      Date of Loss:   November 20, 2018
      Our Insured:    Jeffrey E Schutz & Heather Schutz
      Your Client:    Jeffrey E Schutz

To Whom It May Concern:

We are in receipt of your request for policy information. In response to your request and in accordance with the recent decision by the Florida 5th DCA in *Progressive v. Rural Metro Ambulance (Nov. 14, 2008)*, please find insurance information regarding policy number 367149559D on the below listed vehicle for the above date of loss.

Year: 2008   Make/Model: FORD EXPEDITION

Vehicle Id Number:   1FMFU15588LA02142

The name of the insurer:   State Farm Mutual Automobile Insurance Company

Named Insured(s):   Jeffrey E Schutz
                    Heather Schutz

Coverages:   A 25/50/100,P10,D250,G500,U 25/50

  A/B - BI/PD Liability (BI per person/BI per accident/PD)
  P - Personal Injury Coverage
  C - Medical Payments Coverage
  D - Comprehensive
  G - Collision
  H - Emergency Road Service
  R - Rental Coverage
  U - Uninsured Motorist - Stacking
  U3 - Uninsured Motorist - Non-Stacking
  S - Death, Dismemberment and Loss of Sight



EXHIBIT
A

59-6654-F68
Page 2
December 10, 2018

The coverages you chose are shown on the declaration page of your policy and the application of those coverages to this loss is determined by the language of your policy contract and endorsements.

The applicable UM Selection/Rejection form is attached.

Policy or coverage defenses known to the Company at this time:
None

Umbrella or excess insurance known to the Company at this time:
None

I trust this information will satisfy your request. However, should you need further assistance, please contact Christina M Hardy at (844) 292-8615 Ext. 972-744-8994.

Sincerely,

*[signature] in absence of*

Christina M Hardy
Claim Specialist
(844) 292-8615  Ext. 972-744-8994
Fax:   (855) 820-6318

State Farm Mutual Automobile Insurance Company

Enclosure:    UM Selection/Rejection form

For a complete description of the terms, conditions and exclusions applicable to each specific coverage and to determine the coverages that are included in your policy, PLEASE READ YOUR POLICY, INCLUDING ITS DECLARATIONS PAGE, AND ALL ENDORSEMENTS CAREFULLY. These specific terms, conditions, and exclusions control. In providing the above information, we, the State Farm Mutual Automobile Insurance Company, do not intend to waive any policy terms, conditions or exclusions nor do we intend to waive any unstated policy defenses, but rather we specifically reserve all our rights including our right to assert any such policy terms, conditions, exclusions or defenses at any time.