UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY SCHUTZ,

    Plaintiff,

vs.                                 CASE NO.: 8:19-CV-01763-JSM-JSS

CARLOS OLIVERAS, UVI LOGISTICS,
INC., and STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendants.

_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY

COMES NOW the Plaintiff, JEFFREY SCHUTZ ("Plaintiff"), by and through the undersigned counsel, and moves this Honorable Court pursuant to Florida Rule of Civil Procedure 1.510, for Summary Judgment on Liability against the Defendants CARLOS OLIVERAS, UVI LOGISTICS, INC, ("Defendants"), on the grounds that there is no genuine issue as to any material fact as to liability, and Plaintiff is entitled to a summary judgment as a matter of law, and states:

## UNDISPUTED FACTS

1. This is an uninsured/underinsured motorist claim against CARLOS OLIVERAS, UVI LOGISTICS, INC., arising out of a multi-vehicle collision that occurred on November 20, 2018, on northbound I-295, in Duval County. *Schutz Dep. 16:13-20* (Exhibit A).

2. On that date, the Plaintiff, JEFFREY SCHUTZ, was the restrained driver of a 2008 Ford Expedition traveling North on I-295. *Schutz Dep. 16:19-20, 17:4-10, 18:21-23, 21:19-25, 22:1* (Exhibit A).

3. While Plaintiff, JEFFREY SCHUTZ, was traveling on I-295, approaching the ramp to get on to I-95 north when he approached excessive traffic that eventually came to a stop, the tortfeasor, CARLOS OLIVERAS, failed to observe traffic stopped in front of him causing

1

him to violently collide with the rear of Plaintiff's vehicle. *Schutz Dep. 21:24-25, 22;1* (Exhibit A).

4. There was some spotty rain earlier in the morning; however, it had cleared at the time of the collision, traffic was congested, construction was being completed in the area, and the Plaintiff's vehicle had come to a complete stop. *Schutz Dep. 19:5-6, 20:24-25, 21:6-11, 22:11-15* (Exhibit A).

## ARGUMENT

5. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, in order for the court to grant a Motion for Summary Judgment, the moving party must demonstrate that after examining all of the facts and inferences in the light most favorable to the Defendant, there is no genuine issue of material fact, and that the Plaintiff is entitled to a judgment as a matter of law. *Whitten v. Progressive Casualty Insurance Co.*, 410 So.2d 501 (Fla 1992). The test for summary judgment is not the existence of some alleged factual dispute between the parties, but whether there exists any genuine issue of material fact. *Lively v. CSX and Transp., Inc.*, 557 So.2d 210 (Fla 2DCA 1990). A "material fact" for purposes of summary judgment is a fact that is essential to the resolution of the legal questions raised in the case. *State of Florida, Dept. of Environmental Regulation v. C.P. Developers, Inc.*, 512 So.2d 258 (Fla. 1st DCA 1987).

6. Here, the undisputed facts prove, as a matter of law, that that the underinsured driver, Carlos Oliveras' negligence in rear-ending Plaintiff's vehicle was the sole and proximate cause of the crash.

7. There is no record evidencing Plaintiff was comparatively at fault in causing the crash.

**WHEREFORE,** the Plaintiff, JEFFREY SCHUTZ, respectfully requests this Honorable Court enter a Partial Summary Judgment on the issue of liability in favor of the Plaintiff, JEFFREY SCHUTZ, and grant any further relief that this court deems just and proper.

Dennis Hernandez & Associates, P.A.

s/ Luis G. Figueroa, Esq.            .
Dennis Hernandez, Esquire
Florida Bar Number: 915210
Luis G. Figueroa, B.C.S.
Florida Bar Number: 294268

September 4, 2020

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEFFREY SCHUTZ,

    Plaintiff,

vs.                                          CASE NO.: 8:19-CV-01763-JSM-JSS

CARLOS OLIVERAS, UVI LOGISTICS,
INC., and STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendants.

_____/

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the _4th_ day of September, 2020, I electronically mailed Plaintiff's Rule 26 Expert Disclosures to the following: Susan K. Muzuchowski (smazuchowski@insurancedefense.net), Todd T. Springer, Esq. (LuksJax-Pleadings@LS-Law.com), and Dale L. Parker, Esq., (service-dparker@bankeropez.com) and the original is being placed in the U.S. mail for service pursuant to F.R.C.P. to the following:

Susan K. Muzuchowski, Esq.
Todd T. Spinger, Esq.
Luks, Santaniello, Petrillo & Cohen
301 W. Bay Street, Suite 1010
Jacksonville, FL 32202

Dale L. Parker, Esq.
Banker Lopez Gassler, PA
360 Central Ave., Suite 700
St. Petersburg, FL 33701

                                          s/ Luis G. Figueroa, Esq.            .
                                          Dennis Hernandez, Esquire
                                          Florida Bar Number: 915210
                                          Luis G. Figueroa, B.C.S.
                                          Florida Bar Number: 294268
                                          Dennis Hernandez & Associates, P.A.
                                          3339 West Kennedy Boulevard
                                          Tampa, Florida 33609

4
