UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY SCHUTZ,

    Plaintiff,

v.                                             Case No. 8:19-cv-1763-T-60JSS

CARLOS OLIVERAS, UVI
LOGISTICS, INC., and STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S "MOTION FOR SUMMARY JUDGMENT ON LIABILITY"

This matter is before the Court on Plaintiff's "Motion for Summary Judgment on Liability," filed September 4, 2020. (Doc. 29). Defendants Carlos Oliveras and UVI Logistics, Inc. filed their response in opposition on September 17, 2020. (Doc. 30). Upon review of the motion, response, record, and court file, the Court finds as follows:

### Background

This case emerges out of a multi-vehicle car accident that took place on Interstate 295 (I-295) in Duval County, Florida. Plaintiff Jeffrey Schutz was driving a 2008 Ford Expedition and was rear-ended by Defendant Carlos Oliveras, who was driving a 2016 Volvo Semi-truck trailer that was owned by Defendant UVI Logistics, Inc. As a result of the car accident, Plaintiff suffered serious injuries and

underwent surgery on his right arm for harm suffered allegedly relating to the accident. (Doc. 1).

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

Plaintiff argues that he is entitled to summary judgment as to liability because – based solely on his own deposition testimony – Oliveras rear-ended him and there exists "no record evidencing Plaintiff was comparatively at fault in causing the crash." (Doc. 29). However, Defendants argue that there are in fact

issues of material fact concerning comparative negligence that preclude summary judgment because Defendant Oliveras testified that Plaintiff "entered his lane of traffic and immediately began to slow down not giving Oliveras time to stop the semi-trailer truck he was driving." (Docs. 30; 32).

While there is a presumption under Florida law that rear drivers in rear-end motor vehicle collisions are negligent, that presumption is rebuttable. *Birge v. Charron*, 107 So. 3d 350, 353 (Fla. 2012). The Florida Supreme Court has specifically held that "because tort recovery in Florida is governed by the principles of comparative negligence, the presumption that a rear driver's negligence is the sole cause of a rear-end automobile collision can be rebutted and its legal effect dissipated by the production of evidence from which a jury could conclude that the front driver was negligent in the operation of his or her vehicle." *Id*. In instances where contrary evidence is presented and the presumption rebutted, "all issues of disputed fact regarding negligence and causation should be submitted to the jury to make a finding of fault without the aid of the presumption." *Id*. at 360.

The Court agrees with Defendants. Sufficient evidence has been presented to rebut this presumption and reveal a genuine issue of material fact between the parties. In his motion, Plaintiff relies on his own deposition in which he testified that he traveled in the right lane "several miles" before he was struck from behind. (Doc. 29-1 at 22). However, in his deposition, Defendant Oliveras testified that Plaintiff "entered his lane of traffic and immediately began to slow down not giving Oliveras time to stop the semi-trailer truck he was driving." (Docs. 30; 32).

Based on Defendant Oliveras' testimony, a genuine issue of material fact as to comparative negligence clearly exists here. Plaintiff's request for summary judgment based solely on his own testimony, while ignoring Defendant Oliveras' conflicting testimony, is frivolous and a waste of judicial resources.

Therefore, the motion for summary judgment is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. Plaintiff's "Motion for Summary Judgment on Liability" (Doc. 29) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of September, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**